Michael C. JOHNS, Robert Witbeck, and John Davies, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Michael STEWART, in his capacity as Executive Director of the Utah Department of Human Services; and Emma Chacon, in her capacity as Director of the Office of Recovery Services, Defendants.

Civ. No. 92–NC–080S.

United States District Court, D. Utah, Northern Division.

June 4, 1994.

Michael E. Bulson, Utah Legal Services, Inc., Ogden, UT, Karen K. Fox, Thomas H. McWhorter, Utah Legal Services, Inc., Salt Lake City, UT, for plaintiffs.

Tony R. Patterson, Tamara K. Prince, Assistant Attorney, Jan Graham, Attorney General, Salt Lake City, UT, for defendants.

## ORDER

SAM, District Judge.

This matter came before the Court for oral argument on the 22nd day of April, 1994 on cross motions for summary judgment. Plaintiffs' counsel, Michael E. Bulson and Thomas McWhorter, appeared on behalf of Plaintiffs and Defendants' counsel, Tamara K. Prince, Assistant Attorney General, appeared on behalf of Defendants. Based upon the memoranda and oral arguments by Michael E. Bulson and Tamara K. Prince and there being no material facts in dispute, the Court concludes as a matter of law that:

■ State funded General Assistance granted to General Assistance Work Experience and Training (GA–WEAT) participants is interim assistance under the federal statutes and regulations and therefore recoverable from a participants' retroactive SSI award. GA–WEAT is state-funded assistance based upon need. The fact that it contains a self-sufficiency component does not take it out of the plain meaning of the federal Interim Assistance Reimbursement program (IAR). The IAR couches the authorization in terms of recovery of interim assistance furnished on behalf of the individual by the state. The plain and statutory meaning of the word "furnish" can clearly encompass assistance given under the terms of GA–WEAT.

■ GA–WEAT is recoverable under state law and the Defendants did not violate state rule making by recovering such assistance. Furthermore, the contracts signed by the recipients allowing the state to recover interim assistance from their retroactive SSI awards are enforceable.

■ Regarding Plaintiffs' equal protection claims, the State of Utah's practice of recovering benefits paid to GA–WEAT participants is rationally related to a legitimate state goal. There is no invidious classification of GA–WEAT participants or others similarly situated. The State of Utah is not recovering the retroactive SSI benefits because the Plaintiffs are disabled, rather the state is preventing receipt of duplicative assistance. Furthermore, the federal statute authorizes recovery of state interim assistance. To allow the participant to receive interim assistance and SSI for the same time period would result in double assistance payments.

■ Plaintiffs' due process arguments likewise fail. Plaintiffs have failed to establish an entitlement to retaining interim assistance payments in addition to their retroactive SSI benefits.

■ The Court further concludes that there is no employer/employee relationship between the Defendants and GA–WEAT and Emergency Work Program (EWP) participants under the Fair Labor Standards Act. Although participants participate in community work projects and have required hours, those hours can be met by educational and job search activities as well as performance of community work. In addition, the public assistance is granted for days missed due to excused absences such as illness, job interviews, problems with transportation and assignments are tailored to meet the physical and other needs of participants. Applying the economic reality test, neither Plaintiffs nor others similarly situated are entitled to minimum wage for tasks performed pursuant to the GA–WEAT and EWP program requirements. This conclusion is supported by *Klaips v. Bergland,* 715 F.2d 477 (10th Cir. 1983). Furthermore, public policy compels the conclusion that public assistance programs which include education, job training, and actual work experience as required components do not create an employer/employee relationship between the state and program participants. Rather, they encourage self-sufficiency and aid recipients in finding work

to provide for their health and well-being. Therefore, it is

HEREBY ORDERED that Defendants' Motion for Summary Judgment is granted and the Plaintiffs' Motion for Summary Judgment is denied.